E. W. Len *v.* John Henson, etc.

**Landlord and Tenant—Transfer of Lease.**

Where one who was a conditional purchaser of land as tenant of the vendor, abandoned his attitude as a purchaser after cultivating the land one year, and sold his interest to another and put him in possession, the landlord had the right to treat the transaction as a transfer of the lease only.

APPEAL FROM BRACKEN CIRCUIT COURT.

January 14, 1873.

Opinion by Judge Hardin:

As we construe the contract of March 29, 1862, Black was conditionally a purchaser of the land, as the tenant of Len, depending on the payment or non-payment of the stipulated price in tobacco, annually. It appears that Black, after cultivating the land one year and making some improvements, elected to abandon the attitude of a purchaser, and sought to dispose of his alternate rights, under the contract, and upon the failure of Len to pay him for his improvements he sold to Henson for $30 and put him in possession. Len seems to have treated this transaction, as he had a right to do, as a transfer of the lease, which began and took effect upon the election of Black that he would not hold the land as a purchaser.

There is not, we think, any such evidence of an adverse holding of the land by Henson as to entitle him to the benefit of the statute of limitation, as applying before the expiration of the lease, which was less than two years, six months before the institution of this action.

It results that, in our opinion, upon the fact proved on the trial, the court erred in adjudging the inquisition found in the country to be true.

Wherefore the judgment is reversed and the cause remanded for a new trial and proceedings not inconsistent with this opinion.

*B. G. Willis, H. Taylor, for appellants.*

*Doniphan, for appellee.*